UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERIC THOMAS, | ) |
|     Petitioner, | ) ) ) |
| v. | )    No.   3:24-CV-427-KAC-JEM |
| TOM SPANGLER,[1] | ) ) ) |
|     Respondent. | ) |

## **MEMORANDUM AND ORDER**

Petitioner Eric Thomas, an inmate of the Knox County Detention Facility, filed a pro se petition seeking habeas corpus relief from his pretrial detention due to pending charges against him[2] [Doc. 2 at 1-2, 6, 9-17] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For

---

[1] The Petition names both Tom Spangler and "Chief Cox" as Respondents [Doc. 2 at 1]. But because Tom Spangler is the Sheriff of Knox County, *see* https://knoxsheriff.org/sheriff-spangler/ (last visited April 11, 2025), where Petitioner is confined, [*see* Doc. 1], Sheriff Spangler is the only proper Respondent. *See* Rule 2(a) of the Rules Governing 2254 Cases. Accordingly, the Court **DIRECTS** the Clerk to update the Court's docket to reflect that Tom Spangler is the only Respondent.

[2] Petitioner states that he is both a pretrial detainee and serving a sentence, [*see* Doc. 2 at 1], but he specifies that in this action, he seeks relief only from his pretrial detention and/or a detainer, [*id.* at 1-2]. And the Petition clarifies that he seeks relief as a pretrial detainee by asserting claims arising out of pending charges against him [*Id.* at 6, 9-17 (asserting claims arising out of (1) a conspiracy to arrest and book Petitioner pursuant to an unsigned presentment and based on false evidence; (2) Petitioner's assertion that a state trial court order in the criminal proceeding against him that prevented him from communicating with anyone outside of jail other than his attorney violated his constitutional rights; (3) state officials charging Petitioner with thirty-three counts of violation of a no contact order without first notifying him that the no contact order was to remain in effect through the disposition of the case; and (4) a trial court order that Petitioner alleges caused him substantial prejudice in cases pending against him)]. Thus, Petitioner correctly filed his petition under 28 U.S.C. § 2241, which is the path down which "pretrial detainees must travel" to obtain habeas corpus relief. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (citation omitted).

the reasons below, the Court grants the motion for leave to proceed *in forma pauperis* [Doc. 1] and dismisses the Petition [Doc. 2] without prejudice.

As an initial matter, it appears from the motion for leave to proceed *in forma pauperis* that Petitioner cannot pay the filing fee [*See* Doc. 1]. Accordingly, the Court **GRANTS** Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1].

Federal courts may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Provided that "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal petitioner with an adequate opportunity to raise his or her constitutional claims," a federal district court should generally abstain from exercising jurisdiction. *See Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (cleaned up). But there are three recognized exceptions to that rule: (1) the petitioner sought a speedy trial and exhausted his available state court remedies, (2) the petitioner sought to avoid a second trial due to double jeopardy ground, or (3) the petitioner faced "prejudice from prior ineffective assistance of counsel and due process violations on retrial." *See id.* (citations omitted).

Here, Petitioner has not presented the Court with a claim that warrants federal intervention into his ongoing state court proceedings. Petitioner seeks to challenge the validity of a presentment against him, evidence against him, and the bases for several charges against him, and he also asserts that at least one trial court order violated his constitutional rights and caused him various

2

difficulties in the criminal proceedings against him [Docs. 2 at 6, 9-17; 2-1 at 65]. However, these are claims that Petitioner may raise in the pending criminal proceedings against him, which will provide an adequate opportunity to raise those claims. And he has not demonstrated that an exception to the general abstention rule applies here. Accordingly, the Court abstains and **DISMISSES** the Petition **without prejudice**.

Because the Court dismisses the Petition, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA. And a COA should issue only where the petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). Because the Petition does not make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT** issue.

Accordingly, for the reasons set forth above:

1. The Court **GRANTED** the motion for leave to proceed *in forma pauperis* [Doc. 1];
2. The Court **DISMISSED** the Petition [Doc. 2] **without prejudice**; and
3. A COA **SHALL NOT** issue.

Further, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Therefore, Petitioner is **DENIED** leave to proceed *in forma pauperis* should he filed a subsequent appeal. *See* Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**
**ENTER:**

                                        /s/ Katherine A. Crytzer
                                        KATHERINE A. CRYTZER
                                        United States District Judge